IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

REBECCA D. WHITESIDE,            )
                                 )     NO. 1:05-cv-00016-CRW-RAW
        Plaintiff,               )
                                 )     RULING ON
    vs.                          )     PLAINTIFF'S MOTION
                                 )     FOR LEAVE TO CONDUCT
MURPHY OIL USA, INC.,            )     DISCOVERY
                                 )
        Defendant.               )

The above resisted motion [8] is before the Court following hearing.

In her removed petition plaintiff alleges that she was wrongfully terminated by defendant after she allegedly attempted to obtain unpaid wages and enforce her rights under the Iowa Wage Payment Collection Act, Iowa Code Ch. 91A. Jurisdiction in this Court is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1).

When she was employed plaintiff signed a document entitled "Binding Arbitration Agreement And Waiver of Jury Trial." On the basis of this agreement Murphy Oil has moved to dismiss and compel arbitration, or alternatively, to stay this action. Whiteside has resisted, attacking the validity of the arbitration agreement on a number of grounds including unconscionability, lack of a valid waiver of plaintiff's Seventh Amendment jury trial right, fraudulent misrepresentation with respect to the meaning and effect of the agreement, voidability on the ground of mistake, and

lack of mutual assent. All of the grounds just noted relate in whole or part to the circumstances under which the agreement was executed. The arbitration agreement was tendered to Whiteside by an assistant store manager, Brian Cox, when Whiteside arrived for her first day of work. Only Whiteside and Cox were present. Whiteside has provided an affidavit in support of her motion giving her recollection of what transpired with respect to the execution of the arbitration agreement and her discussion with Cox about the agreement.

Murphy Oil's motion to compel arbitration has been set for hearing before Judge Wolle. Prior to the hearing Whiteside requests leave to conduct discovery. The written discovery she proposes is in the form of interrogatories and requests for production of documents which are attached to the motion. In addition, at hearing plaintiff's counsel stated he wanted to take Mr. Cox's deposition.

The Federal Arbitration Act (FAA) evinces a strong federal policy in favor of arbitration. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004). The intent of the FAA is "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Cone Mem. Hosp., 460 U. S. at 22. In ruling on a motion to compel arbitration the Court is "limited to considering the parties' claims that the

arbitration agreement is invalid or that it does not apply to the dispute with respect to which arbitration is sought." Madol v. Dan Nelson Automotive Group, 372 F.3d 997, 999 (8th Cir. 2004)(quoting Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334 F.3d 721, 727 (8th Cir. 2003), cert. denied, 540 U.S. 1149 (2004)); see Faber, 367 F.3d at 1052; Bailey v. Ameriquest Mortgage Co., 346 F.2d 821, 822 (8th Cir. 2003). Whiteside attacks the arbitration agreement on grounds which go to its validity.[1]

In the Court's judgment the text of § 4 of the FAA suggests the resolution of the present discovery motion. Where the "party in default," here Whiteside, resists arbitration the "party aggrieved," Murphy Oil, may move to compel arbitration. When such a motion is made

> . . . .[t]he court shall hear the parties and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the Court shall proceed summarily to the trial thereof.

9 U.S.C. § 4. Thus, if there is a genuine issue of material fact about the making of the arbitration agreement, the issue is

---

[1] Whiteside also makes a scope argument based on the fact the arbitration agreement does not specifically refer to statutory claims under Iowa Code Ch. 91A. That issue may be determined from the terms of the arbitration agreement.

3

resolved by trial which will determine whether or not there is an enforceable arbitration agreement.

In this case the claimed invalidity of the arbitration agreement is factually based on what passed between Whiteside and Cox. Ms. Whiteside has given her recollection by affidavit. In reply Murphy Oil will either controvert the facts outlined in her affidavit or not, but in any event it will be incumbent on the Court to determine whether there are disputed issues of material fact bearing upon the validity of the arbitration agreement. If there are, the matter will proceed to summary trial. In the Court's judgment that is the point at which to consider allowing discovery like that Whiteside proposes to take.

This result is consistent with the Eighth Circuit's opinion in Madol. There the district judge set aside a magistrate judge's order compelling arbitration in order to afford the parties sufficient time to conduct discovery concerning the claimed invalidity of the contract containing the arbitration agreement. 372 F.3d at 999. The plaintiff argued the contract pertaining to the vehicle purchase in question was unconscionable as a whole. The plaintiff did not contend that the arbitration provision, standing alone, was invalid. Id. at 1000. In view of case precedent to the effect that "whole contract" contractual invalidity claims are for the arbitrator, the Eighth Circuit held it would serve no purpose to hold an evidentiary hearing or provide time for discovery "since

4

there are no disputed issues of material fact bearing on the propriety of granting the defendant's motion." Id. Though in this case the purported arbitration agreement is a stand-alone contract, not a part of some larger agreement, the analysis in Madol and text of the FAA suggest it is appropriate to require the resisting party to demonstrate the existence of disputed issues of material fact pertaining to the validity of the arbitration agreement without resort to discovery on the subject where, as here, the essential facts bearing on the party's invalidity claims ought to be known to the party and capable of presentation by affidavit. To hold otherwise implicates potentially unnecessary delay, expense and resort to judicial procedures inconsistent with the expeditious removal to the arbitral forum contemplated by the FAA.

The motion for leave to conduct discovery is **denied,** without prejudice, however, for leave to seek limited discovery upon any finding by the Court that there is a triable issue concerning the making of the arbitration agreement.

IT IS SO ORDERED.

Dated this 29th day of June, 2005.

ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE